UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT CLARK BLACKFORD, | ) |
| *Plaintiff*, | ) |
| vs. | ) No. 1:14-cv-01717-JMS-DKL |
| CHASE BANK, | ) |
| *Defendant*. | ) |

## ORDER

On February 25, 2015, the Court issued an Order requiring *pro se* Plaintiff Robert Clark Blackford to show cause why Defendant Chase Bank ("Chase") should not be dismissed from this action for Mr. Blackford's failure to serve Chase with the Complaint within 120 days. [Filing No. 3.] Mr. Blackford responded to the Court's Order and explained that he had not served his Complaint because the parties were attempting to reach a settlement, but that it now appears a settlement is not possible and he would like to proceed with his lawsuit. [Filing No. 4.]

Upon further review of Mr. Blackford's Complaint, the Court notes that while Mr. Blackford alleges that the Court has diversity jurisdiction over this matter, he has not alleged facts to support that conclusion. First, Mr. Blackford alleges only that he resides in Indiana. [Filing No. 1 at 1.] But residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Mr. Blackford must allege his state of citizenship, which is "the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Second, Mr. Blackford does not allege Chase's citizenship at all. [Filing No. 1 at 1.] A corporation is deemed a citizen of any

state where it is incorporated and a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also* Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 676 (7th Cir. 2006). Mr. Blackford must allege both Chase's state of incorporation and the state where its principal place of business is located, in order for the Court to determine whether it has diversity jurisdiction over this matter. The court notes that such allegations cannot be made on information and belief, but must be made on personal knowledge to invoke the subject matter jurisdiction of a federal court. *See* America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1074 (7th Cit. 1992). Finally, Mr. Blackford alleges that "the dispute is in excess of $75,000." [Filing No. 1 at 1.] But the amount in controversy must exceed "$75,000, *exclusive of interest and costs*." 28 U.S.C. § 1332 (emphasis added).[1]

The Court is not being hyper-technical: A federal court always has a responsibility to ensure that it has jurisdiction, Hukic v. Aurora Loan Servs., 588 F.3d 420, 427 (7th Cir. 2009). And while the Court is mindful of the fact that Mr. Blackford is proceeding *pro se*, he still must follow the rules of civil procedure, which include alleging facts to adequately support diversity jurisdiction here. *See* Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006).

For these reasons, the Court **DISCHARGES** its Order to Show Cause, and **ORDERS** Mr. Blackford to file an Amended Complaint by **April 3, 2015**, which properly sets forth the basis for this Court's diversity jurisdiction – including Mr. Blackford's citizenship, Chase's citizenship, and

---

[1] The Court notes that Chase has expressed skepticism that the amount in controversy here exceeds $75,000 exclusive of interest and costs, because the amount of the check at issue was $17,500. [Filing No. 7 at 2-3.] While Mr. Blackford may be able to rely on punitive damages to reach the amount-in-controversy threshold, the Court cautions him that punitive damages are only considered for jurisdictional purposes if they are recoverable under state law. *See* Anthony v. Sec. Pac. Fin. Servs., Inc., 75 F.3d 311, 316 (7th Cir. 1996) (when plaintiff relies on punitive damages to reach amount-in-controversy requirement, he must present "facts sufficient to satisfy the legal standard for punitive damages").

the amount in controversy as detailed above. Mr. Blackford must also serve the Amended Complaint on Chase, or secure a waiver of service from Chase, as soon as practicable after the Amended Complaint is filed. Should Chase dispute the sufficiency of the amount in controversy it must raise that issue at the earliest opportunity.

March 20, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

Robert Clark Blackford
8318 E. State Road 267
Plainfield, IN 46168

**Distribution via ECF only to all counsel of record**